434 A.2d 821

**COMMONWEALTH of Pennsylvania,**

v.

**Daniel CIENKOWSKI, Appellant.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed Sept. 18, 1981.

James V. Voss, Pittsburgh, for appellant.

Edward A. Yurcon, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

WICKERSHAM, Judge:

A two vehicle collision resulted in the death of a passenger in the jeep operated by appellant, Daniel Cienkowski. The accident occurred at the intersection of Routes 28 and 910 in Allegheny County, Pennsylvania on August 19, 1977 about 11:00 p. m., on a clear dry night. Route 28 is a public road proceeding generally in a north-south direction and at the point where it intersects with Route 910 it consists of six lanes-three lanes in either direction. Two lanes proceed through the intersection in each direction and there is a left turn lane for both north bound and south bound traffic. Route 910 is a public road proceeding generally in a west-east direction, and is a four lane highway at a point of this intersection. The intersection is governed by traffic signals.

Testimony at trial revealed that Daniel Cienkowski was proceeding east on Route 910, approaching the intersection. A truck driven by John Edward Ecker was proceeding south on Route 28 in the right hand lane of traffic and struck the Cienkowski jeep in the intersection. The impact caused the jeep to spin across the intersection and strike a car in the left turn lane on the northbound side of Route 28.

On September 1, 1977, criminal complaints against Daniel Cienkowski were issued charging him, *inter alia*, with one count of involuntary manslaughter. A non-jury trial was held on December 19 and 20, 1977, in the Court of Common Pleas of Allegheny County. The basic issue at the trial was whether the traffic signal governing traffic proceeding east on Route 910 was red when Cienkowski approached the intersection. Cienkowski's demurrer to the charge of involuntary manslaughter was denied and he was found guilty of this charge. Cienkowski filed a motion for a new trial and a motion in arrest of judgment and on September 6, 1978, both

motions were denied. On September 18, 1978, judgment of sentence of probation was entered. Cienkowski then filed this timely appeal.

■ Involuntary manslaughter is defined in 18 Pa.C.S. § 2504(a) as follows:

A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, he causes the death of another person.

We have frequently addressed the issue of the type of conduct sufficient to warrant conviction for involuntary manslaughter is a result of automobile accidents. These decisions establish that a mere vehicle code violation, without aggravating circumstances, is insufficient to sustain a conviction for involuntary manslaughter.

In *Commonwealth v. Agnew*, 263 Pa.Super. 424, 398 A.2d 209 (1979), we vacated judgment of sentence and discharged a defendant who had been charged with involuntary manslaughter in connection with a collision between an automobile and farm equipment being towed by a tractor driven by the defendant. It was alleged by the Commonwealth that the manner in which this equipment was towed was in violation of the Vehicle Code, and resulted in the accident which caused the death of two persons. In agreeing with the defendant that the Commonwealth had not proved the requisite *mens rea* for involuntary manslaughter this court ruled:

The state of mind, or *mens rea*, which characterizes involuntary manslaughter is recklessness or gross negligence: a great departure from the standard of ordinary care evidencing a disregard for human life or an indifference to the possible consequences of the actor's conduct.....
The same standard applies to deaths caused by motor vehicle violations:
"*Conduct made unlawful by the Motor Vehicle Code is not necessarily the kind of 'unlawful act' included within the definition of involuntary manslaughter*, for in many instances, the Code makes unlawful, acts of ordinary negli-

gence. Hence, to sustain a conviction of involuntary manslaughter for a death resulting from an act which constitutes a transgression of the Motor Vehicle Code, it must be established that such violation . . . together with the surrounding circumstances, 'evidences a disregard of human life or an indifference to consequences.' " Thus, we have held the evidence insufficient to sustain a conviction for involuntary manslaughter where the driver of a motor vehicle was speeding, was driving on the berm of the road, was passing on the wrong side of the road under slippery conditions, failed to yield the right of way at a stop sign, and inattentively encroached upon the oncoming lane.

*Id.,* 263 Pa.Super. at 427–28, 398 A.2d at 211 (quoting *Commonwealth v. Busler,* 445 Pa. 359, 361, 284 A.2d 783, 784 (1971)) (citations omitted) (emphasis added).

The trial court concluded that Cienkowski's conduct in the operation of his motor vehicle was reckless based upon the following finding of facts: (1) the defendant entered the intersection at a time when the controlling lights for him on Rt. 910 were red; (2) that he entered the intersection at a time when he should not have done so; and (3) that he had had problems in controlling his vehicle just a few minutes prior to the collision. The lower court concluded that his conduct was clearly "reckless and grossly negligent and indicated an indifference to the consequences." Lower court op. at 6.

The record in this case includes testimony of eyewitnesses that the light for Cienkowski was red at the time he entered the intersection and other testimony that the light was yellow when he entered the intersection. Much of the trial testimony concerned evidence relating to the sequence of the electric traffic signals that governed the multi-lane intersection. One Commonwealth witness testified that Cienkowski was approaching the intersection at a speed of twenty or twenty-five miles per hour in a fifty-five mile per hour speed zone. The witness testified, referring to Cienkowski, that "it really looked like he was going to stop." Record at 31.

We have examined the circumstances surrounding appellant's entry onto the six lane intersecting road against a red light to determine if the fact finder was justified in inferring therefrom a disregard of human life or an indifference to consequences. *See, e. g., Commonwealth v. Rosov,* 262 Pa.Super. 121, 396 A.2d 675 (1978).

We are persuaded that the overall circumstances of this accident compel the conclusion that sufficient evidence did not exist to sustain appellant's conviction of involuntary manslaughter beyond a reasonable doubt.[1]

Judgment of sentence reversed.

---

1. We note that the lower court sustained a demurrer to the lesser offense of homicide by vehicle. R.R. at 122a.